UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TREVOR KEEGAN,<br><br>      Petitioner,<br> v.<br>ESTELA DERR,<br><br>      Respondent. | Case No. 2:23-CV-1094-KKE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 15, 2024 |

This matter comes before the Court on pro se petitioner Trevor Keegan's petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 3. Petitioner challenges the term of supervised release. *See id*. Respondent asserts that because Petitioner has been accorded all of the relief sought in his habeas petition, his Petition for Writ of Habeas Corpus is now moot and should be dismissed. Dkt. 7.

Because, on December 4, 2023, the Honorable John C. Coughenour granted Petitioner's motion for early termination of supervised release, *United States v. Keegan*, Case No. CR22-0204-JCC, Dkt. 6, the Court recommends that Petitioner's habeas corpus petition should be DENIED as moot, and that this matter be DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

In 2020, Petitioner pleaded guilty to Conspiracy to Distribute and Possess 1 Gram or More of a Mixture and Substance Containing Lysergic Acid Diethylamide (LSD) with Intent to Distribute. *See United States v. Keegan*, Case No. CR20-0076-DKW, Dkt. No. 27 (D. Haw. 2020). The Honorable Derrick K. Watson, United States District Judge

REPORT AND RECOMMENDATION - 1

for the District of Hawaii, sentenced him to 15 months of confinement and two years of supervised release. *Id.*, Dkt. No. 42. Defendant was released in July 2022. *Id.* His supervision was transferred to this District in November 2022. *See United States v. Keegan*, Case No. CR22-0204-JCC, Dkt. 1. (W.D. Wash. 2022).

On March 7, 2022, Petitioner filed a petition for writ of habeas corpus in the District of Hawaii, arguing the federal detention center incorrectly calculated the time credits he was eligible to receive under the First Step Act. *Keegan v. Derr*, Case No. C22-0089-LEK-RT, Dkt. 1 (D. Haw. 2022). The Court granted the petition in part and directed the United States Probation Office to apply fifty additional days of good time credit to Defendant's term of supervised release. *Id.* at Dkt. Nos. 18, 21.

Defendant moved for early termination of supervised release on May 30, 2023 -- in *United States v. Keegan*, Case No. CR22-0204-JCC, Dkt. 3.

Petitioner filed the instant habeas corpus petition on July 21, 2023. Dkt. 3.

On November 30, 2023, after his first motion was denied, Mr. Keegan filed a renewed motion seeking early termination of supervised release. *See United States v. Keegan*, Case No. CR22-0204-JCC, Dkts. 4, 5 (W.D. Wash. 2022). On December 4, 2023, the Honorable John C. Coughenour granted Petitioner's motion for early termination of supervised release. *See id.* at Dkt. 6.

DISCUSSION

The "case-or-controversy" requirement of Article III, § 2, of the United States Constitution requires that a habeas corpus petitioner must have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Thus, a petition for writ of habeas

REPORT AND RECOMMENDATION - 2

corpus may become moot if the petitioner is released from custody prior to any ruling. *Id*. Once the petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner, in this case, is no longer in "custody." *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless. . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). On December 4, 2023, the Court granted Petitioner's motion for early termination of his term of supervised release. Petitioner is no longer in "custody" and Petitioner's requested relief has already been granted. Therefore, his petition is moot and should be dismissed as such[1].

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

---

[1] Respondent raises other grounds for denial of Petitioner's habeas corpus petition. Because the Court should find that the petition is moot, however, the Court does not find it necessary to address Respondent's other arguments.

REPORT AND RECOMMENDATION - 3

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 15, 2024, as noted in the caption.

Dated this 28th day of February, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4